# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **HELEN R. ALEXANDER GRAY,** Petitioner, v. **UNITED STATES OF AMERICA,** Respondent. | Case No. 7:95-CR-23 (HL) |

## ORDER

Before the Court is Petitioner Helen R. Alexander Gray's Motion for Reduction of Sentence (Doc. 172). In her Motion, Petitioner states that she objects to the judgment and sentence entered against her and asks for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2). Under § 3582, a court may modify a term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." U.S. v. Reed, 2012 WL 6050559, at * 2 (11th Cir. 2012) (citing 18 U.S.C. ¶ 3582(c)(2)).

In this case, the Court finds that Petitioner's Motion is not proper under § 3582. Petitioner is serving a mandatory minimum sentence of 240 months and her sentence is not eligible for any reduction under § 3582. However, despite the title of the Motion, the Court finds that Petitioner is entitled to a review of her

claims.[1] Petitioner appears to challenge the validity of her original conviction and sentence. This type of challenge to a sentence is typically brought under § 2255. Id. (citing United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000)).

Because a § 2255 motion is the proper avenue of relief for Petitioner, this Court will thus recharacterize Petitioner's § 3582 filing as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. §2255. Such recharacterization may have serious consequences upon Petitioner's future rights, because the filing of a first motion under § 2255 will subject any subsequent motion attacking her federal conviction or sentence to the restrictive conditions that federal law imposes upon a second or successive § 2255 motion. Castro v. United States, 540 U.S. 375, 381-83 (2003); Gooden v. United States, 627 F.3d 846, 847 (11th Cir. 2010).

Because of these consequences, and in accordance with the Supreme Court's direction in Castro, the Court hereby notifies Petitioner that the Court intends to recharacterize this action as a first motion under 28 U.S.C. § 2255. The Court further warns Petitioner that such recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, as provided in 28 U.S.C. § 2255(h). Petitioner is also

---

[1] While the Court does believe that Petitioner's Motion should proceed to the next level of review, the Court cautions that this does not indicate any beliefs about the merits of Petitioner's claims. The Court declines to give any opinion about whether Petitioner's claims will ultimately be successful.

2

advised to consult 28 U.S.C. § 2255(a) regarding the applicable one-year statute of limitations within which new claims must be filed.

Petitioner shall have twenty-eight (28) days from the date of this order to take one of the following actions:

1. Notify this Court that she will assert only the claims contained in her original petition, as recharacterized by this Court as a § 2255 motion;
2. Amend her Motion so that it contains any additional claims she may have attacking her federal conviction or sentence; or
3. Withdraw her motion.

If Petitioner fails to respond to this order, this action shall proceed under § 2255, with the Court considering only those claims presented in Petitioner's original motion.

**SO ORDERED**, this 11th day of February, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr